**RECEIVED**

OCT 2 9 2007

ᔞᑫᔜ
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

**2:07-CV-1777**          **LC**

Plaintiff,

v.                                                    )
                                                     )
LOCAL UNION 861, INTERNATIONAL            )
BROTHERHOOD OF ELECTRICAL WORKERS,    )
                                                     )
Defendant.                              )
                                        )

## COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1.   This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519, et seq., 29 U.S.C. §§ 481-84 (the "Act")) for a judgment declaring that the June 4, 2007 election conducted by Local Union 861, International Brotherhood of Electrical Workers (Defendant), for the offices of Business Manager/Financial Secretary and three members of the Executive Board, is void and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## PARTIES

4. Plaintiff Elaine L. Chao is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action pursuant to section 402(b) of Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing in the Parish of Calcasieu, Louisiana, within the jurisdiction of this Court.

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(I), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(I) , 402(j) and 481(b)).

## FACTUAL ALLEGATIONS

7. Defendant, purporting to act pursuant to its Bylaws and the International Brotherhood of Electrical Workers' (International) Constitution, conducted an election of officers on June 4, 2007, which election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-84).

8.  By letters dated May 14, 2007 and May 30, 2007 to the Defendant's Election Judge, Dudley R. Dixon, Jr., a member in good standing of Defendant, filed pre-election protests of Defendant's June 4, 2007 election.

9.  By letter dated June 6, 2007 to the International's Vice President, Dixon protested the Defendant's June 4, 2007 election.

10.  By letter dated June 22, 2007 to Dixon and received by Dixon on June 30, 2007, the International Vice President denied the protests.

11.  Having exhausted the remedies available and having received a final decision, the complainant filed a timely complaint with the Secretary of Labor on July 30, 2007, within the thirty days required by § 402(a)(1) of the Act, 29 U.S.C. § 482 (a)(1).

12.  Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that violations of Title IV of the Act (29 U.S.C. § 481, et seq.) had occurred in the conduct of the Defendant's June 4, 2007 election and had not been remedied at the time of the institution of this action.

13.  Defendant violated section 401(c) of the Act (29 U.S.C. 481(c)) during the conduct of the aforesaid election when Defendant failed to honor the request of a candidate to distribute campaign literature in a timely manner and delayed the mailing of the candidate's campaign literature until after the mailing of the ballots.

14.  Section 401(g) of the Act (29 U.S.C. 481(g)) was violated during the conduct of the aforesaid election when employer funds were used to support the candidacy of candidates when:

a) local members campaigned on behalf of candidates on time paid by employers;

b) employer equipment was used to promote the candidacy of individual candidates.

15.  The violations of section 401(c) of the Act (29 U.S.C. § 481(c)) found and alleged above may have affected the outcome of the Defendant's June 4, 2007 election for the offices of Business Manager/Financial Secretary and three members of the Executive Board.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the offices of Business Manager/Financial Secretary and three members of the Executive Board to be null and void;

(b)  directing the Defendant to conduct a new election for the offices of Business Manager/Financial Secretary and three members of the Executive Board, under the supervision of the Plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JONATHAN L. SNARE
Acting Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor
Labor-Management Programs

Page 4

WILLIAM E. EVERHEART
Regional Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

FREDERICK BOWEN
Attorney

U.S. Department of Labor
Of Counsel

DONALD W. WASHINGTON
United States Attorney


BY:    _____
       JENNIFER B. DRAGO (#23633)
       Assistant United States Attorney
       800 Lafayette Street, Suite 2200
       Lafayette, Louisiana  70501-6865
       (337) 262-6618

       Attorneys for Plaintiff

Page 5