RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 09/17/09

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,[1] | ) ) ) ) | Civil Action No. 07-1777 |
| | ) | Judge Richard T. Haik |
| Plaintiff, | ) ) | Magistrate Judge Methvin |
| v. | ) ) | |
| LOCAL 861, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT DECREE AND ORDER

It is hereby stipulated by the Plaintiff, Hilda L. Solis, Secretary of Labor

(Secretary) and Defendant, Local 861, International Brotherhood of Electrical Workers

(Local 861 or Defendant), by and through their undersigned counsel, hereby stipulate and

agree to the settlement of this dispute as follows and respectfully request that the Court so

order:

1. The Secretary brought this action pursuant to Title IV of the Labor-

Management Reporting and Disclosure Act of 1959 (as amended), 29 U.S.C. § 401, *et*

*seq.*, (hereinafter referred to as the Act), for the purpose of voiding defendant's June 4,

2007, regular election for Business Manager/Financial Secretary and three Executive

Board members and requesting a new election under the supervision of the Secretary of

Labor.

2. A Department of Labor investigation revealed that:

---

1 Pursuant to Federal Rule of Civil Procedure 25(d), Hilda L. Solis, Secretary of Labor, is automatically substituted as a party for the former Secretary of Labor, Elaine L. Chao.

a. Defendant violated section 401(c) of the Act (29 U.S.C. 481(c)) during the conduct of the aforesaid election when Defendant's mailing service agent failed to honor the request of a candidate to distribute campaign literature in a timely manner and delayed the mailing of the candidate's campaign literature until after the mailing of the ballots.

b. Section 401(g) of the Act (29 U.S.C. 481(g)) was violated during the conduct of the aforesaid election when employer funds were used to support the candidacy of candidates when: (i) local members campaigned on behalf of candidates on time paid by employers; and (ii) employer equipment was used to promote the candidacy of individual candidates.

3. The Parties, in settlement of this action without the necessity of a trial, and Defendant neither admitting nor denying that a violation of the Act has occurred as alleged, hereby stipulate and agree that Defendant shall conduct the next regularly scheduled election for all offices, including new nominations, in June 2010, under the supervision of the Plaintiff.

4. The Parties agree that the supervised election shall be conducted in accordance with Title IV of the Act, 29 U.S.C. §§ 481-484, and, insofar as lawful and practicable, in accordance with the International Brotherhood of Electrical Workers Constitution (Constitution) and Local 861 Bylaws (Bylaws).

5. All decisions as to the interpretation or application of Title IV of the Act and the International Brotherhood of Electrical Workers Constitution and Local 861 bylaws relating to the supervised election are to be determined by the Secretary, and her decisions shall be final and binding.

6. The Court shall retain jurisdiction of this action after completion of the supervised election and throughout the certification process. The Secretary shall certify to the Court the names of the persons so elected, and that such election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the provisions of the Defendant's Constitution and Bylaws. Upon approval of such certification, the Court shall enter a judgment declaring that such persons have been elected as shown by such certification to serve as the duly elected officers of Local 861.

7. Each party agrees to bear its own costs, fees, and other expenses incurred by such party in connection with any stage of this proceeding.

Respectfully Submitted,

LOCAL 861, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS

BY:

_Joui  L.  Robein  Jr_

LOUIS L. ROBEIN, JR., #11307
Attorney

Robein, Urann, Spencer, Picard &
Cangemi, A.P.L.C.
2540 Severn Avenue, Suite 400 (70002)
P.O. Box 6768
Metairie, Louisiana 70009-6768
Telephone: (504) 885-9994
Facsimile:  (504) 885-9969

Attorneys for Defendant.

U.S. DEPARTMENT OF LABOR
OF COUNSEL:

CAROL A. DE DEO
Solicitor of National Operations
United States Department of Labor

KATHERINE E. BISSELL
Associate Solicitor for Civil Rights and
Labor-Management

JAMES E. CULP
Regional Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

SHIREEN M. McQUADE
Senior Attorney

LINDSAY A. WOFFORD
Trial Attorney

ATTORNEYS FOR PLAINTIFF:

PETER D. KEISLER
Assistant Attorney General

DONALD W. WASHINGTON
United States Attorney

BY:

s/ JENNIFER B. DRAGO
JENNIFER B. DRAGO, #23633
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone:  (337) 262-6618
Facsimile:  (337) 262-6693

RSOL Case No.  08-00011

4

The Consent Decree is adopted as submitted by the parties in this matter.

It is so ORDERED.

**SIGNED AND ENTERED** on this the _____/6_____ day of _____, 2009.

HONORABLE RICHARD T. HAIK
UNITED STATES DISTRICT JUDGE